IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD ALLEN, *et al.*, | § | CIVIL ACTION NO. |
| *Plaintiffs* | § | 4:08-CV-03370 |
| v. | § | |
| | § | |
| COIL TUBING SERVICES, L.L.C. | § | JURY TRIAL DEMANDED |
| *Defendant* | § | |

## PLAINTIFFS' TWELFTH AMENDED COMPLAINT

Plaintiffs Lionel Abraham, Robert Alegria, Byron Allen, Donald Allen, Drew M. Arcement, Lloyd Colby Ayles, Joshua Babineaux, Goodwin Gene Balderee, David Barras, Javier Bautista, Jaime J. Bazan, Casey Beers, Trevor Benjamin, Robert Blair, Jeremy Bouher, Jimmie Paul Bourque, Ross Wayne Boutte, Josh Boykin, Tony Boykin, Presley Branham, Ray Brooks, Nodley Mark Broussard, William C. Broussard, Blake Brown, William Daniel Brown, Devin Bruce, Kenneth Buford, Demetrius L. Burns, Louis Buteaux, Jr., Alfredo Cantu, Patrick Cantu, Steve Castro, Josh Clark, Montana Cook, Marc Copell, Adam Crews, Jessie L. Cupp II, Alejos Curiel, Jr., Greg Dauphiney, Donald Davis, Tony Davis, Anthony Dean, Ferguson Demouchet, Johnny Ray Dennis, Michael Tod Domingue, Richard Everett, Alfredo Farias IV, Aaron Figgs, Michael Fletcher, Jose Flores, Nicholas Flores, Ramon Fontenette, Joseph Fontenot, Roel Galvan, Lewis Gamble, Eric Gambles, Noe Garcia, Louis George, David Gill, Odell Godfrey, Richard K. Goldman, Antonio Gonzalez, Eddie Gonzalez, William J. Green, Jeffery Grizzle, Jeffery David Hacker, Keith Haynie, Patrick J. Hebert, Gary Henderson, Paul Henderson, Michael Henry,

David Henson, Jesse Hernandez, Marco Hernandez, Lathon Hernandez, Ernest Herrera, James Hoffman, Bradley Holland, Christopher Ireland, Richard Jackson, Leo Jasso, Antonio Jimenez III, Galen Johnson, Jerome Johnson, Marvin Joseph, Christopher M. Keenom, Cary Kulka, Sergiusz Kuzian, Mark LaFleur, Matt LeBlanc, Jason Legnon, Armando Liguez, Xavier Liguez, Juan Lopez, Robert Rene Lopez, Franklin Lucy, Valeriano S. Luera III, Clayson Lusseigne, Matthew Lynn, Josh Manuel, Michael Martinez, Alfredo Medrano, Harold J. Miller, Jonas Mire, Israel Molina, Mario Monreal, Michael Moreno, Charles Morgan, Nahum Moscot, Billy Newman, James Nezat, Jeffery Noble, Darrell Olivier, Eric Ortiz, Christopher Parent, Kristopher Parham, Cody Patin, Jose Pena III, Jerry Pike, Jason Pitts, Albert Primeaux, Eric Primeaux, Tomas Pruneda, Cosme Ramirez, Rolando Ramirez, Rogelio Reyes, Cody Richard, Ryan Rogers, Jose Saenz, Mark Anthony Saenz, Ray Saenz, Rene Salazar, Brownell Savoy, Jr., Aaron Schexnayder, Hector Serna, Michael Serrata, Deon Sharp, William Jay Sharp, Mahmoud Sheikh, Branton Slusser, Michael Smith, Robert Smith, Dustin Snell, Josh Snow, Harold Sparks, Michael Spears, Cory Lee Spell, Kurt Spitzenberger, Brian Springer, Shane Suire, Bruce Talley, Stephen Tankersley, Jeff Taylor, Clarence Thomas, John Thomas, Juan Tobar, Morgan Tomlinson, Marcus Tottenham, Jeremy Travelstead, Jose Tristan, Rolando Viera, John Walker, Jeffery Warner, Richard Warren, Jarrett Watson, Donald Whitt, Isiah Williams, Matthew Wimberley, Donald Woodard, and Travis Workman on their own behalf and in their individual capacities, now file this

Twelfth Amended Complaint against Defendant COIL TUBING SERVICES, L.L.C. ("Defendant"), and for cause of action would show as follows:

    a.    This is an action for unpaid wages and overtime wages that are owed pursuant to the Fair Labor Standards Act and the Texas Labor Code. Plaintiffs bring this lawsuit on their own behalf and in their individual capacities.

    b.    Plaintiffs demand a jury on all issues triable to a jury.

## PARTIES

1.    At all times material hereto, each and every Plaintiff was employed by Defendant.

2.    Defendant Coil Tubing Services, L.L.C. is a corporation that does business within the State of Texas and is engaged in the business of servicing and maintenance of well work operations. Coil Tubing is an "employer", as that term is defined in the Fair Labor Standards Act. Coil Tubing is obliged to comply with the Fair Labor Standards Act, including its minimum and overtime wage requirements for non-exempt employees.

## JURISDICTION

3.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331. This case arises under the laws of the United States of America.

4.    The Court has personal jurisdiction over Defendant since they employed some of the Plaintiffs within Texas. Therefore, Defendant has sufficient contacts with the State of Texas to establish general jurisdiction over them.

5. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b), since all of the events or omissions giving rise to the claims asserted herein occurred within the Southern District of Texas.

## VIOLATION OF THE FLSA

6. During the period from November 1, 2005 through present, Defendant employed Plaintiffs in positions including, but not limited to, Service Technicians, Service Supervisors, Service Supervisor Trainees and Equipment Operators in the aforesaid enterprise and willfully failed pay them wages and overtime compensation for periods of time which they suffered and permitted the Plaintiffs to work, including, but not limited to, periods of time required for employment duties which include, but are not limited to, the servicing and maintenance of well work operations and related duties for Defendant's business contrary to the requirement of Section 6 of the FLSA, 29 USC § 206. Defendant made such uncompensated work a part of their policy and/or practice with respect to Plaintiffs because the Defendant has asserted, among other things, that Plaintiffs are exempt from the overtime provisions of the FLSA as a result of "enterprise coverage" of the Motor Carrier Act.

7. During the period from November 1, 2005 through present, Defendant willfully employed Plaintiffs in the aforesaid enterprise for workweeks longer than forty (40) hours and failed to compensate them for their employment in excess of forty (40) hours per week at a rate of at least one-and-one-half (1 ½) times the regular rate at which they were employed, contrary to the requirements of Section 7

of FLSA, 29 USC § 207. This policy and/or practice has affected scores of Defendant's employees since November 1, 2005.

8. Plaintiffs are not exempt from overtime wages under any state or federal law including the FLSA and the Motor Carrier Act. Additionally, Plaintiffs have never been informed that they are exempt from overtime wages under any state or federal law including the FLSA or the Motor Carrier Act.

9. Defendant's policy and/or practice, as set forth herein, reflect repeated, widespread violations of the Fair Labor Standards Act. Such violations are willful.

10. Moreover, Defendant has failed to comply with the Fair Labor Standards Act's requirement that it keep accurate records of the actual hours worked by its employees.

11. Plaintiffs have been damaged as a result of Defendant's conduct.

12. Plaintiffs are entitled to recovery of all unpaid wages and overtime wages, plus an award of liquidated damages in an amount equal to the unpaid wages and overtime wages. The Court should also enter an appropriate injunction requiring Defendant to keep accurate records in the future, and to post statutorily required notices.

### ATTORNEY'S FEES

13. Plaintiffs also plead for recovery of attorney's fees and costs associated with bringing this action.

### RELIEF REQUESTED

14. Plaintiffs pray for the following relief:

  a. enter judgment for the Plaintiffs and against Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

  b. all unpaid wages owed to Plaintiffs who are or were employed by Defendant;

  c. as liquidated damages, an amount equal to those unpaid wages and overtime wages;

  d. all unpaid overtime wages owed to Plaintiffs who are or were employed by Defendant who make an affirmative election, in writing, to participate in this lawsuit;

  e. injunctive relief necessary to prevent future violations of the Act's requirement that accurate records be kept and notices be posted;

  f. reasonable attorney's fees;

  g. taxable court costs and expert witness fees;

  h. pre-judgment and post-judgment interest as allowed by law; and

  i. for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS,
  SORRELS, AGOSTO & FRIEND**

_____
Clyde J. "Jay" Jackson, III
Attorney-in-Charge for Plaintiffs
State Bar Number:  10502500
Southern District Bar Number: 1241
800 Commerce Street
Houston, Texas  77002
Telephone:  (713) 222-7211
Telecopier:  (713) 225-0827
E-mail: jjackson@abrahamwatkins.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of plaintiffs' twelfth amended complaint has been provided to counsel of record at the address listed below, via electronic filing on this 11th day of November, 2010.

>Mr. Christopher E. Moore
>COATS ROSE
>One Canal Place
>365 Canal Street, Suite 800
>New Orleans, Louisiana 70130
>Telephone: (504) 299-3076
>Telecopier: (504) 299-3071

>*Attorney for defendant Coil Tubing Services, L.L.C.*

_____
Clyde J. "Jay" Jackson, III

Of Counsel:

Randall O. Sorrels
**ABRAHAM, WATKINS, NICHOLS,
  SORRELS, AGOSTO & FRIEND**
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Telecopier: (713) 225-0827

Clark Woodson, III
Southern District Bar Number: 21481
Texas Bar Number: 00794880
601 E. Myrtle
Angleton, Texas 77515
Telephone: (979) 849-6080
Telecopier: (979) 849-7070