UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DONALD ALLEN, JAVIER BAUTISTA,
ADAM D. CREWS, SR., ODELL GODFREY,
JEROME JOHNSON, MARK S. LAFLEUR
STEPHEN TANKERSLY, ROBERT L. SMITH,            Civil Action No.
DUSTIN SNELL, MICHAEL SPEARS,                  4:08-CV-03370
DONALD WOODARD, ET AL

                                    Plaintiffs          Judge Nancy F. Atlas

v.

COIL TUBING SERVICES, L.L.C.

                           Defendant

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND/OR AVOIDANCES TO PLAINTIFFS' SEVENTEENTH AMENDED COMPLAINT

Defendant Coil Tubing Services, L.L.C. (hereinafter "Defendant" or "CTS") hereby files its Answer, Affirmative Defenses, and/or Avoidances in response to Plaintiffs' Seventeenth Amended Complaint, stating as follows:

1.    Defendant admits that Plaintiffs attempt to assert claims for overtime and unpaid wages on their own behalf and in their individual capacities.  Defendant denies any remaining allegations contained in Paragraph a. of Plaintiffs' Seventeenth Amended Complaint.

2.    Defendant is not required to respond to Plaintiffs' demand for a jury.  Defendant denies any remaining allegations contained in Paragraph b. of Plaintiffs' Seventeenth Amended Complaint.

3.    Defendant admits that Plaintiffs are current or former employees of CTS.  Defendant denies any remaining allegations contained in Paragraph 1 of Plaintiffs' Seventeenth Amended Complaint.

4.     Defendant admits that it does business in the State of Texas and in other states and that it is engaged in the business of well maintenance and service.  Defendant denies any remaining allegations contained in Paragraph 2 of Plaintiffs' Seventeenth Amended Complaint.

5.     Defendant admits that, pursuant to 28 U.S.C. §1331, this Court has subject-matter jurisdiction over this civil action.  Defendant denies any remaining allegations contained in Paragraph 3 of Plaintiffs' Seventeenth Amended Complaint.

6.     Defendant admits that it is subject to personal jurisdiction in this Court.  Defendant denies any remaining allegations contained in Paragraph 4 of Plaintiffs' Seventeenth Amended Complaint.

7.     Defendant is not required to respond to the allegations contained in Paragraph 5 of Plaintiffs' Seventeenth Amended Complaint which are legal conclusions about venue.  If Defendant is required to respond to the allegations contained in Paragraph 5 of Plaintiffs' Seventeenth Amended Complaint, Defendant denies same.

8.     Defendant admits that certain Plaintiffs are current or former Service Technicians, Service Supervisors, Service Supervisor Trainees, and/or Equipment Operators of CTS and that Plaintiffs' job duties included (but were not limited to) well maintenance and service.  Defendant further admits that it contends that some or all of Plaintiffs are exempt from overtime.  Defendant denies any remaining allegations contained in Paragraph 6 of Plaintiffs' Seventeenth Amended Complaint.

9.     Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Seventeenth Amended Complaint.

2

10.     Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Seventeenth Amended Complaint.

11.     Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Seventeenth Amended Complaint.

12.     Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Seventeenth Amended Complaint.

13.     Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Seventeenth Amended Complaint.

14.     Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Seventeenth Amended Complaint.

15.     Defendant admits that Plaintiffs seek to recover attorney's fees and costs.  Defendant denies any remaining allegations contained in Paragraph 13 of Plaintiffs' Seventeenth Amended Complaint and further denies that Plaintiffs are entitled to any relief whatsoever from Defendant.

16.     Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 14 (a-i) of Plaintiffs' Seventeenth Amended Complaint and further denies that Plaintiffs are entitled to any relief whatsoever from Defendant.

17.     All allegations to which Defendant has not specifically responded are hereby denied.

## AFFIRMATIVE DEFENSES AND/OR AVOIDANCES

Defendant asserts that it only bears the burden of proof on those matters identified as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure.  In response to Plaintiffs' claims, Defendant further avers the following affirmative defenses and/or avoidances:

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 1

Plaintiffs have failed to state a claim upon which relief may be granted.

3

## **AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 2**

Plaintiffs lack standing to assert the claims in the Seventeenth Amended Complaint.

## **AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 3**

Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions, or failed to make statements or take actions, that estop them from asserting their claims or that constitute waiver of their claims.

## **AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 4**

Some or all of the claims asserted by Plaintiffs are barred by the applicable statute(s) of limitations.

## **AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 5**

Defendant acted at all times in good faith with respect to all of its dealings with Plaintiffs.

## **AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 6**

Plaintiffs were timely and properly paid all wages due and owing pursuant to the Fair Labor Standards Act.

## **AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 7**

Pursuant to 29 U.S.C. § 213(b)(1) and other statutes and regulations, Plaintiffs were at all pertinent times exempt from the maximum-hour provisions of the FLSA.

## **AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 8**

Defendant denies liability to Plaintiffs.  In the alternative, at all times, Defendant acted in good faith and without malice, and their actions were not willful.  Furthermore, at all times, Defendant's actions were reasonable and justified under the circumstances.  Accordingly, Defendant conducted itself in good faith and had reasonable grounds for believing that its actions or omissions were not in violation of the Fair Labor Standards Act or other applicable law, and

Plaintiffs are not entitled to liquidated damages.  Also, Defendant denies any alleged willful violation of the FLSA.

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 9

Plaintiffs had a duty to mitigate their purported damages and, to the extent Plaintiffs failed to mitigate those damages, any damages awarded to Plaintiffs should be reduced accordingly.

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 10

Plaintiffs are not entitled to attorneys' fees under any applicable theory of law, statute, or jurisprudence.

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 11

Defendant was not and is not engaged in a pattern or practice of violating the Fair Labor Standards Act or other applicable law, and the actions alleged did not arise from any particular formal or informal policy of the Defendant.

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 12

Defendant did not knowingly violate the Fair Labor Standards Act or other applicable law, nor did Defendant act with reckless disregard with respect to the Fair Labor Standards Act or other applicable law.

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 13

Venue is improper.  Alternatively, venue should be transferred pursuant to the doctrine of *forum non conveniens.*

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 14

Defendant invokes the safe-harbor provisions contained in the SAFETEA-LU Technical Corrections Act which became law on June 6, 2008, and further avers that the SAFETEA-LU

Technical Corrections Act completely relieves Defendant of any alleged liability for FLSA violations.

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 15

Some or all of Plaintiffs are barred from any recovery to which they may be entitled pursuant to the doctrine of unclean hands.

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 16

Pursuant to 29 U.S.C. § 213(a)(1), 29 C.F.R. § 541 *et seq.*, and other statutes and regulations, certain Plaintiffs were at all pertinent times exempt administrative, executive, and/or highly compensated employees.

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 17

Pursuant to 29 U.S.C. § 213(a)(1), 29 C.F.R. § 541.708, and other statutes and regulations, certain Plaintiffs were at pertinent times exempt employees as they performed a combination of exempt duties.

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 18

Some or all of Plaintiffs are barred from any recovery to which they may be entitled pursuant to the doctrines of offset, settlement, and/or accord and satisfaction.

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 19

Some or all of Plaintiffs claims are barred by the doctrine of res judicata.

## AFFIRMATIVE DEFENSE AND/OR AVOIDANCE NO. 20

Defendant reserves the right to assert any additional affirmative defense that may be discovered during the course of additional investigation and discovery.

1681599.1/006625.000031

Respectfully submitted,

/s/ Christopher E. Moore
Christopher E. Moore, Esq. (Attorney-in-Charge)
TX State Bar No.  24052778
SDTX Admission No.  713063
Christine M. White, Esq.
TX Bar No. 24068713
SDTX Admission No.  712655
Andrew P. Burnside, Esq.
TX State Bar No. 24061200
SDTX Admission No. 924772
Erin R. Wedge, Esq.
SDTX Admission No. 1002780
Coats | Rose
One Canal Place
365 Canal Street, Suite 800
New Orleans, Louisiana  70130
Telephone:  (504) 299-3070
Facsimile:  (504) 299-3071

Attorneys for Defendant
Coil Tubing Services, L.L.C.

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing Defendant's Answer, Affirmative

Defenses, and/or Avoidances to Plaintiffs' Seventeenth Amended Complaint has been served on

the following counsel of record via the Court's Electronic Filing/Notification System:

Clark Woodson, III, Esq.
601 E. Myrtle
Angleton, TX  77515
Facsimile: (979) 849-7070
E-mail: clark@woodsonlaborlaw.com

Randall Owen Sorrels, Esq.
Clyde J. Jackson, III, Esq.
Abraham, Watkins, Nichols, Sorrels,
    Agosto & Friend
800 Commerce Street
Houston, TX 77002
Facsimile: (713) 225-0827
Electronic Mail:
rsorrels@abrahamwatkins.com
jjackson@abrahamwatkins.com

This 7th day of December, 2011.

/s/ Christopher E. Moore